**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.  5:92-CR-0042-SLB** |
| | ) | |
| **FABIAN ROEL GARCIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is presently pending before on Motion for Expungement of Conviction and Related Arrest Record filed by defendant Fabian Roel Garcia.  (Doc. 3.)[1]  For the reasons set forth below, the court finds that it lacks jurisdiction to consider Garcia's Motion. Therefore, the Motion for Expungement of Conviction and Related Arrest Records, (doc. 3), is **DENIED**.

## I.  BACKGROUND

Garcia asks the court to expunge the record of his criminal conviction on purely equitable grounds.  (*See generally id*.)  On February 21, 1992, Garcia pled guilty to a four-count Information and received probation.  (*Id*. ¶¶ 2-3; *see also* docs. 1 and 2.)  In his Motion, Garcia alleges:

> 5.  Defendant has not been convicted of any charges in subsequent to this conviction, and there is no proceeding involving any crime which is presently pending or being instituted against the Defendant.

---

[1]Reference to a document number, ["Doc. ____"], refers to the number assigned to each document as it is filed in the court's record.

6. Since being charged and convicted, the Defendant moved to the State of Texas, found work and has continued to remain a productive member of society.

7. That having such a conviction on the Defendant's record has limited him on the types of jobs he is able to work and has made it difficult to advance in his career.

8. The Defendant is not a threat to the public at large and has demonstrated this by obeying the laws since his conviction which occurred over [twenty-four (24)] years ago.

9. The circumstances and behavior of the Defendant warrant expungement, and the expungement is consistent with the public welfare and to preserve his basic legal and human rights. As of the date this Motion for expungement is filed, there are no criminal or traffic charges pending in any court or jurisdiction against the Defendant.

(Doc. 3 ¶¶ 5-9.) Garcia does not challenge the validity of his arrest or conviction.

## II. <u>DISCUSSION</u>

In every case, "the first and fundamental question is that of jurisdiction . . . . This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)(quoting *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Id*. at 94-95 (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only

function remaining to the court is that of announcing the fact and dismissing the cause." *Id*. at 94 (quoting *Ex parte McCardle,* 7 Wall. 506, 514 (1868)).

In this case, Garcia alleges that this court has ancillary jurisdiction over his Motion for Expungement of Conviction and Related Arrest Records because the Motion is "closely related to the criminal action." (*See id*. ¶¶ 10-11.) "Ancillary jurisdiction exists in two circumstances: '(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Nat'l Mar. Servs., Inc. v. Straub*, 776 F.3d 783, 786 (11th Cir. 2015)(quoting *Peacock v. Thomas*, 516 U.S. 349, 354 (1996)(quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379-80 (1994))). The Eleventh Circuit has not yet addressed whether a district court has ancillary jurisdiction over a Motion to Expunge a conviction on purely equitable grounds.[2]

---

[2]*See United States v. Tyler*, 670 F. Supp. 2d 1346, 1349 (M.D. Fla. 2009)(noting a lack of an Eleventh Circuit decision post-*Kokkonen* "suggesting that a district court has jurisdiction to expunge criminal records"); *see also Hall v. Alabama*, No. 2:09-CV-342-MHT, 2010 WL 582076, *8 (M.D. Ala. Feb. 18, 2010)("This Court has not found any Eleventh Circuit opinions on expungement in general since the *Kokkonen* case.").

However, other Circuit Courts[3] and district courts within this Circuit[4] have held that the district court does not have ancillary jurisdiction to decide a motion for expungement based on purely equitable grounds following the Supreme Court's decision in *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).

The *Kokkonen* Court noted that "[g]enerally speaking, we have asserted ancillary jurisdiction (in the very broad sense in which that term is sometimes used) for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id*. at 379-80. A Motion for Expungement on purely equitable grounds – that is, "motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities," but not alleging a constitutional or statutory basis for the requested relief – does not satisfy either of the two purposes for asserting ancillary jurisdiction. *See Fields*, 756 F.3d at 915-16.

---

[3]*See United States v. Wahi*, 850 F.3d 296, 302-03 (7th Cir. 2017); *Doe v. United States*, 833 F.3d 192, 198-99 (2d Cir. 2016), *cert. denied*, No. 16-876, 2017 WL 120912 (U.S. May 22, 2017); *United States v. Field*, 756 F.3d 911, 916 (6th Cir. 2014); *United States v. Coloian*, 480 F.3d 47, 51-52 (1st Cir. 2007); *United States v. Meyer*, 439 F.3d 855, 861-62 (8th Cir. 2006); *United States v. Dunegan*, 251 F.3d 477, 480 (3d Cir. 2001); *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000).

[4]*See United States v. Richardson*, No. 3:12-CR-191-J-32JBT, 2016 WL 4507800, *1-2 (M.D. Fla. Aug. 29, 2016); *Hall*, 2010 WL 582076 at *8; *Tyler*, 670 F. Supp. 2d at 1349; *United States v. Paxton*, No. 3:99CR91-WHA, 2007 WL 2081483, *2 (M.D. Ala. July 20, 2007).

In a case factually similar to the circumstances of Garcia's case, the Seventh Circuit held:

> "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (citations omitted). We begin our analysis by noting what is probably obvious: The district court's statutory original criminal jurisdiction cannot support [defendant's] petition for expungement. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."). The charges against [defendant] had long since been dismissed when he filed his petition; the entry of final judgment in the case ended the court's § 3231 jurisdiction.

> A handful of statutes give the court expungement authority, but only for certain types of records and in special classes of cases not relevant here. *See, e.g.*, 10 U.S.C. § 1565(e)(requiring expungement of DNA records if a military conviction is overturned); 42 U.S.C. § 14132(d)(allowing expungement of FBI DNA records if a conviction is overturned); 18 U.S.C. § 3607(c)(permitting expungement motions in certain drug-possession cases). No statute vests the court with the general power to expunge the judicial record of a criminal case on purely equitable grounds.

> That leaves ancillary jurisdiction as the only possible source of jurisdiction for [defendant's] expungement petition. The term "ancillary jurisdiction" refers to the court's power to hear claims that are closely linked to other claims over which the court's jurisdiction is otherwise secure. As the Supreme Court explained in *Kokkonen*, the doctrine holds that the federal courts have a limited inherent authority to assert jurisdiction "over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." 511 U.S. at 378.

> . . .

> . . . The Court explained that [ancillary] jurisdiction exists for "two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379-80 (citations omitted).

. . .

Starting afresh and applying *Kokkonen*, we now conclude that the district court's ancillary jurisdiction does not stretch so far as to permit the assertion of jurisdiction over a petition to expunge the judicial record in a criminal case on purely equitable grounds. First, a request for equitable expungement is not factually dependent on the underlying criminal case in any sense that matters. Instead, it will always turn on facts collateral to or arising after the case is over – in short, matters external to the criminal case itself. For example, here [defendant] alleges that he has been unable to secure professional employment because of the reputational taint associated with the public record of his indictment and arrest. In another case a defendant might claim that his postjudgment good behavior justifies expungement. Other scenarios can be imagined. The material point is that expungement based on an equitable balancing test that weighs the public and private interests in maintaining the judicial record is a wholly collateral inquiry based on new facts and, frankly, a policy choice. As such, it is not incidental to anything properly before the court and "requires its own basis for jurisdiction." *Kokkonen*, 511 U.S. at 378.

Second, the power to expunge judicial records on equitable grounds is not incidental to the court's ability to function successfully *as a court.* Equitable expungement is not needed to enable the court to "manage its proceedings" for the simple reason that the criminal proceedings are over. *Id.* at 380. Nor is expungement authority needed to enable the court to "vindicate its authority" or "effectuate its decrees." *Id.* Expungement is not a remedial tool to enforce a ruling in the underlying criminal case. In short, equitable expungement "is in no way essential to the conduct of federal-court business." *Id.* at 381.

Properly understood, then, ancillary jurisdiction does *not* include a general equitable power to expunge judicial records in a criminal case. Expungement authority must instead have a source in the Constitution or statutes. . . .

With this holding we join five of our sister circuits, each of which has read *Kokkonen* to preclude the assertion of ancillary jurisdiction over a request to expunge judicial records on purely equitable grounds. *See Doe*, 833 F.3d at 199; *Field*, 756 F.3d at 916; *Coloian*, 480 F.3d at 52; *Meyer*, 439 F.3d at 859-60; *Dunegan*, 251 F.3d at 479; *Sumner*, 226 F.3d at 1014. No circuit has rejected this understanding of *Kokkonen*. . . .

*Wahi*, 850 F.3d at 299-303 (emphasis added; parallel Supreme Court cites omitted).

This court finds the reasoning of the Seventh Circuit very persuasive and it finds that the Eleventh Circuit will likely adopt a similar holding when, and if, it should address the issue of whether a district court has ancillary jurisdiction to expunge the record of a criminal conviction based on purely equitable grounds. For the reasons set forth in *Wahi*, the court finds it does not have jurisdiction to rule on Garcia's Motion.

Therefore, Garcia's Motion for Expungement of Conviction and Related Arrest Records, (doc. 3), is **DENIED**.[5]

**DONE** this 1st day of June, 2017.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE

_____

[5]In the alternative, the Motion is due to be denied because Garcia does not challenge the validity of his arrest and conviction.  Prior to *Kokkonen*,

> Courts . . . [had] found that expungement is proper in five situations.  The first situation is when mass arrests render judicial determination of probable cause impossible.  The second circumstance is present when a court determines that the sole purpose of the arrest was to harass the defendant.  The third situation is where the police misused the police records to the detriment of the defendant.  The fourth situation is where the arrest was proper but was based upon a statute later declared unconstitutional.  The last situation arises when the expungement of criminal records is necessary to preserve basic legal rights.

*United States v. Johnson*, 714 F. Supp. 522, 524 (S.D. Fla. 1989)(internal citations and footnote omitted)  However, "[N]one of the 'special circumstances' listed in *Johnson* are applicable in cases such as [defendant's], where the original conviction ***was never deemed invalid***."  *United States v. Woods*, No. 08-20267, 2013 WL 3189081, *2 (S.D. Fla. June 20, 2013)(citing *Johnson*, 714 F. Supp. at 524 n.2 ("[C]ourts have held that the power of expungement should never be used where the validity of a conviction is never questioned."))(emphasis in original).